UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------------
                                                    :
MAURION LEWIS,                                      :
                                                    :        CASE NO. 1:07-CR-068
                    Petitioner,                     :
                                                    :
v.                                                  :        OPINION & ORDER
                                                    :        [Resolving Doc. No. 470, 478, and
                                                    :         480]
                                                    :
UNITED STATES OF AMERICA,                           :
                                                    :
                    Respondent.                     :
-------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On October 31, 2013, the Petitioner Maurion Lewis moved the Court to vacate his conviction

and sentence pursuant to 28 U.S.C. § 2255.[1]  For the reasons provided below, the Court **DENIES**

Petitioner's § 2255 motion.

## I. Background

On February 7, 2007, a federal grand jury indicted Petitioner Lewis for one count of

conspiracy to distribute phencyclidine ("PCP") and one count of possession with intent to distribute

PCP.[2]  On February 28, 2007, a federal grand jury filed a superceding indictment against Petitioner

on the same counts.[3]  Petitioner entered a plea of not guilty to all counts.[4]

At some point, the government presented Petitioner Lewis's trial attorney, Roger Synenberg,

---

[1]Doc. 470.
[2]Doc. 15.
[3]Doc. 59.
[4]Doc. 66.

Case No. 1:07-CR-068-4
Gwin, J.

a proposed plea agreement.  Attorney Synenberg told Lewis about the plea agreement and a change of plea hearing was scheduled for April 30, 2007, the same day as the trial.[5]  During the hearing, Petitioner Lewis said he did not wish to accept the plea agreement.[6]

As a result, the case proceeded to trial.  On May 1, 2013, a jury found Petitioner guilty of both counts.[7]  On July 30, 2007, this Court sentenced Lewis to 188 months imprisonment followed by eight years of supervised release.[8]  On July 31, 2007, Lewis appealed his conviction and sentence to the Sixth Circuit Court of Appeals.[9]

During the pendency of the appellate briefing, Petitioner Lewis joined his co-Defendant Gerald Taylor's request for a new trial based upon newly discovered evidence.[10]  On August 4, 2010, this Court denied the motion for a new trial.[11]

On August 13, 2010, Petitioner Lewis appealed that decision.[12]  On June 21, 2012, the Sixth Circuit affirmed this Court's judgment.[13]  On September 19, 2012, Petitioner Lewis then filed a petition for a writ of certiorari.[14]  On October 29, 2012, the Supreme Court denied the petition.[15]

On October 31, 2013, Petitioner Lewis filed a motion to vacate under 28 U.S.C. § 2255.[16]

_____

[5]Doc. 142; Doc. 217.

[6]Doc. 217 at 6-7.

[7]Doc. 156.

[8]Doc. 194.

[9]Doc. 196.

[10]Doc. 223.

[11]Doc. 418.

[12]Doc. 419.

[13]Doc. 454.

[14]Doc. 457.

[15]Doc. 459.

[16]Doc. 470.

Case No. 1:07-CR-068-4
Gwin, J.

Petitioner Lewis says trial counsel provided him ineffective assistance of counsel by failing to inform him of the option to plead guilty in open court.[17]

## II. Legal Standard

Title 28 United States Code section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges to be in violation of federal law.[18] Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
>
> 2) That the court was without jurisdiction to impose such sentence;
>
> 3) That the sentence exceeded the maximum authorized by law; or
>
> 4) That the sentence is otherwise subject to collateral attack.[19]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[20]

---

[17]*Id.* at 1.
[18]*See In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999).
[19]28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27 (1962).
[20]*Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

3

Case No. 1:07-CR-068-4
Gwin, J.

### III. Analysis

**A. Timeliness**

Section 2255 provides a one-year period of limitation to file a § 2255 motion.[21]  It provides

that the one-year period shall run from the latest of:

> 1) The date on which the judgment of conviction becomes final;
>
> 2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> 3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[22]

As a general matter, a conviction becomes final for purposes of collateral attack at the

conclusion of direct review.[23]  If a § 2255 movant pursues his direct appeal through a petition for a

writ of certiorari in the Supreme Court, direct review concludes when the Supreme Court either

denies the petition or decides the case.[24]

Petitioner Lewis says that his motion is timely.  The Supreme Court denied his writ of

---

[21]28 U.S.C. § 2255(f).

[22]*Id.* at (1)-(4).

[23]*United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002).

[24]*Id. See also Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that finality attaches when the Supreme Court affirms a conviction on the merits on direct review, when the Court denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires).

Case No. 1:07-CR-068-4
Gwin, J.

certiorari on October 29, 2012.  Excluding the day judgment was entered, he says that the one-year

limitation period expired on October 30, 2013.[25]  Accordingly, even though docketed on October 31,

2013, due to an alleged clerical error,[26] he says that his motion was timely.

      For its argument, the government says Petitioner's motion was untimely because the deadline

to file a § 2255 motion in this case was October 29, 2013, one-year after the Supreme Court denied

Petitioner's writ of certiorari.[27]

      Petitioner's motion is untimely.  Section 2255 clearly says the one-year limitation begins "the

date *on which* the judgment of conviction becomes final."[28]  Lewis's conviction became final when

the Supreme Court denied his writ for certiorari on October 29, 2012.  Thus, he had until October

29, 2013 to file his § 2255 motion.  By his own admission, he failed to do so.  Accordingly,

Petitioner Lewis's § 2255 motion is untimely.

**B. Ineffective Assistance of Counsel**

      Even if Lewis's motion were timely, it fails on the merits.  To succeed on a claim that

counsel's assistance was constitutionally ineffective, a movant must pass a two-pronged test.  First,

he must show that his attorney's performance was so deficient that the attorney "was not functioning

as the 'counsel' guaranteed . . . by the Sixth Amendment."[29]  Judicial scrutiny of counsel's conduct

performance is highly deferential, and courts employ a "strong presumption that counsel's conduct

---

[25]Doc. 470 at 6; Doc 480 at 5.

[26]Doc. 480 at 5.

[27]Doc. 478 at 6-7.

[28]*28 U.S.C. § 2255(f)(1)* (emphasis added); *see also Kelly v. United States*, 93 F. App'x. 763, 764 (6th Cir. 2004) (because defendant had until December 9, 1996 to file a certiorari petition, he had until December 9, 1997 to file his section 2255 motion).

[29]*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Case No. 1:07-CR-068-4
Gwin, J.

falls within the wide range of reasonable professional assistance. . . ."[30]

Second, the movant must show that the deficient performance prejudiced the defense so seriously that it deprived him of a fair trial.[31]  The movant meets the second prong of the test only by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."[32]

Petitioner Lewis says that Attorney Synenberg's performance fell below the objective standard of reasonableness. Lewis says Synenberg failed to advise him that if he rejected the government's plea offer, he could plead guilty in open court to the superseding indictment.[33] According to Lewis, Synenberg's failure to advise him of this option prejudiced him by subjecting him to a 188 month sentence.[34]

The Court finds that Attorney Synenberg's representation of Lewis did not fall below the objective standard of reasonableness.  The record reflects Synenberg actively pursued a plea agreement for Lewis, transmitted that agreement to Lewis, which Lewis ultimately denied.[35]  When asked by the Court if he had reviewed the plea offer and still wished to proceed to trial, Lewis said "yes."[36]  Synenberg's actions indicate a conformity with his client's wishes to proceed to trial. Petitioner Lewis has thus failed to rebut the presumption that his attorney's actions fell below the

---

[30]*Id.* at 689.

[31]*Id.* at 687.

[32]*Id.* at 694.

[33]Doc. 470 at 9.

[34]*Id.* at 6.

[35]Doc. 217 at 6-7.

[36]*Id.*

6

Case No. 1:07-CR-068-4
Gwin, J.

objective standard of reasonableness.

Furthermore, even accepting the unsupported argument that Synenberg's action fell below the objective standard of reasonableness, this Court finds that Lewis cannot demonstrate he was prejudiced by Synenberg's actions.

First, Lewis has not demonstrated a reasonable probability that he would have pled guilty in open court had Synenberg informed him of this option.[37]  As mentioned above, Lewis rejected a formal plea agreement and expressly stated his intention to proceed to trial.  Lewis has provided no record evidence explaining why he would have accepted an open plea when he rejected the formal plea agreement.[38]

Second, Lewis has not demonstrated a reasonable probability that his sentence would have been less had he pled guilty in open court.[39]  Lewis says that he would have been eligible for a three level sentencing reduction under U.S.S.G. § 3E1.1, lowering his offense level from a 34 to a 31.[40]  The Court finds this argument unpersuasive.

First, it is unlikely that Lewis would have received the additional one-level decrease due to the fact that he would have pled guilty on the day of trial.  Lewis cites no record evidence indicating that he "timely notified authorities of his intention to enter a plea of guilty, thereby permitting the

---

[37]*Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012) (accused must demonstrate a reasonable probability that he would have accepted the offer).

[38]While Lewis says in his brief that he would have entered a plea without the naming of his co-defendants, he offers no record testimony, such as an affidavit, swearing that he would have. Lewis's brief is not considered part of the record.

[39]*Frye*, 132 S. Ct at 1409 (accused must demonstrate a reasonable probability that the end result of the criminal process would have been more favorable).

[40]Doc. 470 at 12.

Case No. 1:07-CR-068-4
Gwin, J.

government to avoid preparing for trial" and allowing this Court to allocate its resources efficiently.[41]

Second, Lewis may not have received the two-level reduction.  The mere entry of a guilty plea "does not obligate the court to find that an acceptance-of-responsibility reduction is appropriate."[42]  In determining whether a defendant qualifies for the acceptance-of-responsibility reduction, a court may consider a variety of factors, including "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility."[43]

Here, Lewis concedes that he would not have pled guilty until the day of trial.  "A judge may determine that a reduction under § 3E1.1 is not warranted when a defendant waits until the eleventh hour to enter a plea."[42]  Furthermore, Lewis has provided no record evidence explaining why the Court would have found this plea sufficient to warrant a two-level reduction.

Accordingly, Lewis has failed to show that Synenberg's actions have prejudiced him.

### IV. Conclusion

For the reasons discussed above, the Court finds that Petitioner Lewis's § 2255 petition lacks merit.  Accordingly, the Court **DENIES** Lewis's § 2255 motion.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

---

[41] U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(b).

[42] United States v. Arzola, 528 F. App'x 487, 495 (6th Cir. 2013).

[43] U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 cmt. n.1 (2013); see also Arzola, 528 528 F. App'x at 495.

[42] United States v. Chairs, 360 F. App'x 668, 671 (7th Cir. 2010).

Case No. 1:07-CR-068-4
Gwin, J.

faith, and no basis exists upon which to issue a certificate of appealability.[43]

      IT IS SO ORDERED.


Dated: February 20, 2014                      s/         *James S. Gwin*
                                            JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[43] 28 U.S.C. § 2253(c); Fᴇᴅ. R. Aᴘᴘ. P. 22(b).